**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LARRY J. WEST, trustee of West Companies Defined Benefit & Trust, <br><br>       Plaintiff, <br><br> vs. <br><br> G. WARE TRAVELSTEAD; BABBITT RANCHES, LLC; C.O. RANCH; ESPEE RANCH; CATARACT RANCH; BABBITT BROTHERS TRADING COMPANY; and C.O. BAR, INC., <br><br>       Defendants. | No. CV-04-2934-PCT-JAT <br><br> **ORDER** |

Pending before this Court is Babbitt Defendants'[1] Motion for Attorney's Fees (Doc. # 31). The Court has considered Babbitt Defendants' Memorandum in Support of Motion for Attorney's Fees (Doc. # 32), Plaintiff's Response in Opposition to Babbitt Defendants' Motion for Attorney's Fees (Doc. # 35), and Babbitt Defendants' Reply Memorandum in Support of Their Motion for Attorney's Fees (Doc. # 36). The Court now rules as follows.

---

[1] The "Babbitt Defendants" are Babbitt Ranches, LLC; C.O. Ranch; Espee Ranch; Cataract Ranch; Babbitt Brothers Trading Company; and C.O. Bar, Inc. For the purposes of this Order, "Defendants" will refer to the Babbitt Defendants only, and not G. Ware Travelstead, the other named Defendant in this case.

**I. Background**

In 1996, Defendant G. Ware Travelstead filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland. (Pl.'s Am. Compl. ¶ 7.) On December 31, 1997, the Bankruptcy Court appointed Joel Sher as the liquidating agent to sell Defendant Travelstead's assets and approved the reorganization plan. (Dec. 31, 1997, Order, attached as Ex. A to Babbitt Defs.' Mot. to Dismiss).

Plaintiff originally filed an action in the United States District Court for the Southern District of New York seeking injunctive and declaratory relief relating to property allegedly pledged by Defendant Travelstead to secure a loan from Plaintiff. When Defendants moved to dismiss for lack of personal jurisdiction, Plaintiff voluntarily dismissed the case and filed a Complaint with this Court. In both actions, Plaintiff failed to join the Liquidating Agent.

On February 28, 2005, Defendants filed with this Court a Motion to Dismiss for failure to state a claim (Doc. # 12). On that same day, the Liquidating Agent filed a Motion to Intervene and moved to dismiss for improper venue (Doc. # 13, 14). On August 18, 2005, this Court granted the Liquidating Agent's Motion to Dismiss, finding that the Bankruptcy Court has exclusive jurisdiction over this issue (Doc # 29). In that same Order, this Court denied Defendant's Motion to Dismiss as moot. On September 1, 2005, Defendants filed a Motion for Attorney's Fees (Doc # 31).

**II. Legal Standards and Analysis**

The issue before the Court is whether an award of attorney's fees is appropriate in this case. Under Arizona law, "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Ariz. Rev. Stat. § 12-341.01(A) (2003). Therefore, to award Defendants attorney's fees under this statute, this Court must find that Defendants are the "successful party," that the action arises out of a contract, that the award of attorney's fees is appropriate, and that the fees are reasonable.

**A. Entitlement to Attorney's Fees**

- 2 -

1 Under Arizona law, to determine whether a party is a successful party, the Court
2 considers the "totality of the litigation." *All Am. Distrib. Co., Inc. v. Miller Brewing Co.*, 736
3 F.2d 530, 532 (9th Cir. 1984); *See Nataros v. Fine Arts Gallery of Scottsdale*, 612 P.2d 500,
4 505 (Ariz. Ct. App. 1980). "[T]he fact that a party does not recover the full measure of relief
5 it requests does not mean it is not the successful party." *Sanborn v. Brooker & Wake Prop.*
6 *Mgmt., Inc.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994). "The decision as to who is the
7 successful party for purposes of awarding attorney's fees is within the sole discretion of the
8 trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Id.*

9 In the present case, Defendants argue that "while their particular motion was not
10 granted, because the action was dismissed, they ultimately prevailed" in this action.
11 (Defendants Memorandum in Support of Motion for Attorney's Fees at 5). Plaintiff argues
12 that, because it was the Liquidating Agent's motion to dismiss that was granted, and not
13 Defendants', that Defendants are "definitely. . . not a 'prevailing' party here." (Plaintiff's
14 Response in Opposition to Defendants' Motion for Attorney's Fees at 2).

15 Plaintiff fails to cite any support for his argument. The *Nataros* and *Sanborn* cases
16 cited above indicate that a flexible interpretation of A.R.S. § 12-341.01 is appropriate. The
17 Liquidating Agent and Defendants filed motions for dismissal on the same day. Both of
18 those motions sought the same relief from this Court. The fact that this Court granted the
19 Liquidating Agent's motion (mooting Defendants' motion) does not change the fact that
20 Defendants received precisely the relief sought: dismissal of the case. The Court therefore
21 finds that Defendants are a "successful party" within the meaning of A.R.S. § 12-341.01.

22 Regarding the second element, when determining whether an action arises "out of a
23 contract," a court must consider the "essence of the action." *ASH, Inc. v. Mesa Unified Sch.*
24 *Dist. No. 4*, 673 P.2d 934, 937 (Ariz. Ct. App. 1983). If "a contract was a factor in causing
25 the dispute," the action arises out of a contract. *Id.* at 937.

26 Defendants argue, and Plaintiff does not dispute, that this action arises from the pledge
27 agreement between Defendant Travelstead and Plaintiff. The entire foundation of Plaintiff's
28 claims in this case is the contract between Plaintiff and Defendant Travelstead. This

agreement is "a factor in causing the dispute," and therefore the Court finds that this action arose from contract within the meaning of A.R.S. § 12-341.01.

The third element to consider is the permissive nature of the language in the statute: "the court *may* award the successful party reasonable attorney fees." *Id.* (emphasis added). There is no presumption in favor of granting attorney's fees in contract actions, it is a matter within the discretion of the court. *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1183-84 (1985). When exercising that discretion, courts should consider: (1) the merits of the defense or claim presented by the unsuccessful party; (2) whether the litigation could have been settled or avoided; (3) whether assessing attorney's fees will cause an extreme hardship; (4) whether the successful party received all relief sought; (5) the novelty of the legal questions involved; (6) whether the claims or defenses have been adjudicated in Arizona; and (7) whether the award of attorney's fees would discourage other parties with tenable claims from litigating contract issues for fear of incurring liability for substantial amounts of attorney's fees. *Id*. at 1184.

Defendants argue that the only one of these factors that favors Plaintiff is hardship. They further argue that the hardship could have been avoided had Plaintiffs filed this case in bankruptcy court where it belonged. Plaintiff argues, without squarely addressing the case law or Defendants' arguments, that an award of attorney's fees would be "inequitable and adding insult to injury." (Pl.'s Response in Opposition to Defendants Babbitt's Motion for Attorneys Fees at 3). Plaintiff states that, due to the dismissal, he has already lost the $300,000 recovery sought in this case, and that an award of attorney's fees would be unfair.

First, while Plaintiff's case is not completely without merit, Plaintiff was aware at all times that Defendant Travelstead was in bankruptcy. At no point has Plaintiff presented any substantial evidence as to why this case was not filed with the Bankruptcy Court for the District of Maryland.

Second, it seems that the litigation, filed with both this Court and the United States District Court for the Southern District of New York, could have easily been avoided with diligent research into the status of Defendant Travelstead's property. The Order of the

- 4 -

Bankruptcy Court appointing the Liquidating Agent and placing all of Defendant Travelstead's property in the bankruptcy estate has been public record since December of 1997.

Third, Plaintiff has failed to allege that an award of attorney's fees would present an "extreme hardship." While Plaintiff alleges that an award of attorney's fees would be "inequitable and adding insult to injury," insufficient evidence is offered that this would present an extreme hardship. *Id.* Regardless of the alleged $300,000 loss, Plaintiff could have avoided any additional hardship by exercising the type of due diligence expected of litigants in this Court.

Fourth, Defendants prevailed with respect to all relief sought in this case. The case was dismissed as to Defendants, which was precisely the relief sought.

The final three factors concern novelty, and whether an award of attorney's fees would discourage future novel or tenable claims or defenses. In terms of novelty, the ownership of property subject to a bankruptcy proceeding is the type of matter adjudicated by our Bankruptcy Courts on a daily basis. There was nothing novel about the facts of this particular case. Since this case wasn't appropriately filed (twice), it is difficult to see how an award of attorney's fees would have any impact on cases filed in the proper forum. Plaintiff's claims can still be asserted in Bankruptcy Court, and Plaintiff has offered no argument as to how an award of attorney's fees in this case would have a chilling effect on other legitimate lawsuits in this Court.

The Court finds that the factors-based analysis of the appropriateness of attorney's fees tilts sharply in favor of Defendants, and therefore finds that an award of attorney's fees is appropriate in this case.

**B. Reasonableness of Fees**

Finally, the Court must determine whether the fees asked for are reasonable. When analyzing attorney's fees for reasonableness, the Court must determine that: (1) the hourly billing rate is reasonable; and (2) the hours expended on the case are reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983).

In determining a reasonable hourly rate, "the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Id.* The Court has reviewed the Affidavit of Todd Feltus in Support of Babbitt Defendants' Motion for Attorney's Fees (Doc. # 32, Attachment 2), and notes that Plaintiff has made no argument that the hourly rates contained therein are inappropriate. The Court therefore finds that the hourly rates[2] are reasonable.

In analyzing the reasonableness of hours expended, the Court looks to those hours which would be expended by a "reasonable and prudent lawyer." *Schweiger*, 673 P.2d at 932. The Court has analyzed the time records of attorney services rendered (Doc. #32, Attachment 3), and notes that Plaintiff has made no argument that the number of hours expended contained therein are inappropriate. Given the complexity of the case, a total of 87 hours is a reasonable amount of time to expend. The Court therefore finds that the number of hours expended by Defendants' lawyers is reasonable.

### III.  Conclusion

The Defendants are a successful party in this action, and the action arose from contract within the meaning of A.R.S. § 12-341.01. An award of attorney's fees is appropriate in this case. The hourly rate and number of hours expended by Defendants' attorneys is reasonable. Therefore, the Court finds that an award in the total amount requested of $18, 910.50 is reasonable and appropriate.

Accordingly,

/ / /

---

[2] The rates are $245 per hour for Attorney Feltus, $300 per hour for Attorney Halaby, $160 per hour for Attorney Smith, and $190 per hour for Attorney Rateazyk. *Affidavit of Todd Feltus in Support of Babbitt Defendants' Motion for Attorney's Fees* at ¶¶ 3-6.

1 **IT IS ORDERED** that Defendants' Motion for Attorney's Fees (Doc. # 31) is
2 **GRANTED** as follows:

3 The Court awards Defendants $18,910.50 in Attorney's Fees.

4 **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in the
5 amount of $18,910.50, plus interest from the date of judgment until paid, in favor of
6 Defendants Babbitt Ranches, LLC; C.O. Ranch; Espee Ranch; Cataract Ranch; Babbitt
7 Brothers Trading Company; and C.O. Bar, Inc. and against Plaintiff.

8 DATED this 23rd day of February, 2006.

James A. Teilborg
United States District Judge